United States District Court
Southern District of Texas
**ENTERED**
March 12, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RONALD GUEVARA, | § | |
| Movant, | § | |
| | § | |
| v. | § | Case No. 1:15-cv-086 |
| | § | (Criminal No. 1:13-cr-652-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Ronald Guevara's pro se "Motion Pursuant to 28 U.S.C. § 2255" (hereinafter, Guevara's "Motion" or "§ 2255 Motion"). Dkt. No. 1. The Government has filed a "Response and Motion to Dismiss" (hereinafter, the Government's "Motion" or "Motion to Dismiss"), which argues that Guevara's claims are barred and meritless. Dkt. No. 9 at 18-22. Subsequent to the filing of the Government's Motion, Guevara filed six additional submissions. Dkt. No. 10, Dkt. No. 11, Dkt. No. 12, Dkt. No. 14, Dkt. No. 14-1, Dkt. No. 14-2. These latter submissions are all attempts to assert a claim based upon the new rule of law announced by the Supreme Court in *Johnson v. United States*, ____ U.S. ____, 135 S.Ct. 2551 (2015). *Id.* For the reasons provided below, it is recommended that the Court construe these latter submissions as amendments to Guevara's § 2255 Motion. Additionally, it is recommended that the Court: (1) **DISMISS** Guevara's § 2255 Motion, as amended; and (2) **DECLINE** to issue a certificate of appealability.

# I. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 2255.

# II. Background and Procedural History

On September 24, 2013, Guevara pleaded guilty to one count of being an alien found unlawfully in the United States after deportation, having been previously convicted of a felony, in violation of 8 U.S.C. § 1326(a) and § 1326(b)(1). *United States v. Guevara*, No. 1:13-cr-00652-1, Dkt. No. 42 at 1.[1]   After pleading guilty, Guevara filed a motion to substitute counsel, seeking to replace attorney Reynaldo G. Garza, III, with attorney Larry L. Warner.  CR Dkt. No. 25.  The Court granted Guevara's motion.  CR Dkt. No. 27.  On February 3, 2014, the Court sentenced Guevara to 57 months of imprisonment.   CR Dkt. No. 42 at 2. Judgment was entered on February 14, 2014.  *Id.* at 1.

Guevara filed a Notice of Appeal on February 11, 2014.  CR Dkt. No. 35.  On November 03, 2014, the Court of Appeals for the Fifth Circuit affirmed Guevara's conviction and sentence in an unpublished opinion.  CR. Dkt. No. 58; *United States v. Guevara*, 583 Fed. Appx. 412 (5th Cir. 2014).  Guevara did not file a petition for certiorari with the United States Supreme Court.  Dkt. No. 11 at 2.[2]  Guevara filed

---

[1]  Hereinafter, Guevara's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2]  The Court has confirmed that Guevara did not file a petition for certiorari with the Supreme Court.  *See United States v. Guevara*, No. 1:13-cr-00652-1 (Docket current through March 12, 2018); *see also* http://www.supremecourt.gov/docket/docket.aspx (last visited on March 12, 2018).

his instant § 2255 Motion on May 1, 2015, asserting claims of trial court error and ineffective assistance of counsel.   Dkt. No. 1 at 2-3.[3]   On July 19, 2015, the Government filed its Motion to Dismiss, arguing that Guevara's claims are barred and meritless.  Dkt. No. 9 at 2, 18-22.

Subsequent to the filing of the Government's Motion, Guevara filed six additional submissions.  Dkt. No. 10, Dkt. No. 11, Dkt. No. 12, Dkt. No. 14, Dkt. No. 14-1, Dkt. No. 14-2.  In these submissions, Guevara attempts to assert a claim based upon the new rule of law announced by the Supreme Court in *Johnson v. United States*, ____ U.S. ____, 135 S.Ct. 2551 (2015).   *Id*.  Guevara additionally filed a motion with the Court of Appeals, seeking permission to file a successive § 2255 motion on the grounds that the rule announced in *Johnson v. United States* provided him with a new claim.   *See* Dkt. No. 13 at 1 (referencing Guevara's motion).  The Court of Appeals denied Guevara's motion as premature because his initial § 2255 Motion was still pending before this Court.  *Id*. at 2.  The Court of Appeals then directed its Clerk to transfer Guevara's motion to this Court "for consideration in conjunction with his [initial] § 2255 motion."   *Id*.  The Clerk transferred Guevara's motion and supporting submissions to this Court.  *See* Dkt. No. 14, Dkt. No. 14-1, Dkt. No. 14-2.  Thus, the following submissions are pending before the Court:

---

[3]  Guevara indicates that he mailed his § 2255 Motion on May 1, 2015.  Dkt. No. 1 at 17. The Court will consider his § 2255 Motion filed on that date.  *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

1.   Guevara's initial § 2255 Motion.  Dkt. No. 1.

2.   The Government's Motion to Dismiss.  Dkt. No. 9.

3.   Guevara's "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence 28 U.S.C. § 2255 by a Prisoner in Fewderal Custody" (hereinafter, Guevara's "First Application for Leave").  Dkt. No. 10 (errors in original).

4.   Guevara's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Guevara's "Second 2255 Motion").  Dkt. No. 11.

5.   Guevara's "Memorandum in Support § 2255 Motion" (hereinafter, Guevara's "First Memorandum in Support").  Dkt. No. 12.

6.   Guevara's "Application for Leave to Re-File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence Under 28 USC § 2255 by a Prisoner in Federal Custody" (hereinafter, Guevara's "Second Application for Leave").  Dkt. No. 14.

7.   Guevara's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Guevara's "Third 2255 Motion").  Dkt. No. 14-1.

8.   Guevara's "Memorandum in Support § 2255 Motion" (hereinafter, Guevara's "Second Memorandum in Support"). Dkt. No. 14-2.

Guevara's Third 2255 Motion is identical to his Second 2255 Motion. *Compare* Dkt. No. 14-1, *with* Dkt. No. 11.  But for the addition of a few pages of text, Guevara's Second Memorandum in Support is identical to his First Memorandum in Support.  *Compare* Dkt. No. 14-2, *with* Dkt. No. 12.  Finally, but for the addition of an introductory paragraph, Guevara's Second Application for Leave is identical to his First Application for Leave.  *Compare* Dkt. No. 14, *with*

Dkt. No. 10. Substantively, then, the arguments Guevara has presented to the Court are all contained within his § 2255 Motion, his Second 2255 Motion, his Second Memorandum in Support, and his Second Application for Leave. *See* Dkt. No. 1, Dkt. No. 11, Dkt. No. 14, Dkt. No. 14-2.

As noted above, Guevara's Second Application for Leave, Second 2255 Motion, and Second Memorandum in Support all attempt to assert a claim based upon the new rule of law announced by the Supreme Court in *Johnson v. United States*, ____ U.S. ____, 135 S.Ct. 2551 (2015). *See* Dkt. No. 11, Dkt. No. 14, Dkt. No. 14-2. More specifically, Guevara's Second Application for Leave, Second 2255 Motion, and Second Memorandum in Support all argue that the trial court enhanced his sentence pursuant to a provision containing a crime-of-violence definition that the *Johnson* Court later found to be unconstitutionally vague. *Id*. Because the Supreme Court has held that *Johnson* applies retroactively, Guevara contends that he is entitled to be resentenced without the enhancement. Dkt. No. 11 at 4, 10, 12; Dkt. No. 14 at 1-2; Dkt. No. 14-2 at 1-2, 7.

In his § 2255 Motion, Guevara purports to raise five claims. *See* Dkt. No. 1 at 2-3. Two of these claims allege that the trial court erred in issuing his sentence. *Id*. at 3. He states that the Court erred in overruling his "objections to the judge's consideration in setting sentence 'prior' to resolution of the <u>alleged</u> criminal charges that were ultimately dismissed, vacated, no-billed due to actual innocence." *Id*. (errors and emphasis in original). Additionally, he claims that the Court erred in "[a]ppearing to have had a 'tainted' perception towards Mr.

Guevara: because of those alleged pending offenses against him that were involved in the judges sentencing making process when he was applying the 3553(a) sentencing factors." *Id*. (errors in original).  Guevara's remaining claims assert that he received ineffective assistance of counsel prior to pleading guilty and on appeal. *Id*. at 2.

On January 25, 2018, the Court issued an Order and Notice.  Dkt. No. 15. This Order and Notice informed Guevara of the possibility that the Court would apply Rule 56 of the Federal Rules of Civil Procedure to his claims and informed him of his burden under the Rule. *Id*. at 1-2 (citing FED. R. CIV. P. 56).  In relevant part, this Order and Notice also provided as follows:

> Guevara is **NOTIFIED** that, to the extent that he wishes to provide evidence or any additional facts or argument in support of his § 2255 claims, he must do so on or before March 1, 2018. Additionally, Guevara is **ORDERED** to provide the Court with his current address on or before March 1, 2018, as the Bureau of Prisons' Inmate Locator reveals that Guevara was released from the Bureau of Prisons' custody on September 8, 2017. *See* https://www.bop.gov/inmateloc/ (last visited on January 25, 2018). Guevara is **NOTIFIED** that if he fails to comply with this Order, his case will be subject to dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

*Id*. at 2-3.  As of this twelfth day of March, 2018, Guevara has not updated his address, or otherwise provided the Court with any new information or evidence in support of his claims.

## III.  Legal Standards

**A.  28 U.S.C. § 2255**.  Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.   28 U.S.C. § 2255(a).   The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude.   *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

**B.  Ineffective Assistance of Counsel.**  The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them.  *Missouri v. Frye*, 566 U.S. 134, 140 (citing *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)).   Critical stages include not only trial, but also pretrial proceedings — including the plea-bargaining process.   *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).  Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally

impermissible. *Lafler*, 566 U.S. 156. The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel at any of the critical stages mentioned above was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 230 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1036 n.1 (5th Cir. 1998); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

In reviewing counsel's performance, the Court must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Id*. In order to establish that he sustained prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams v. Taylor*, 529 U.S. 362, 391; *Strickland*, 466 U.S. at 694.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Williams*, 529 U.S. at 393 n. 17; *Strickland*, 466 U.S. at 692.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under that test will ordinarily make it unnecessary to examine the other prong. *See Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 716, 721 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*,

37 F.3d 202, at 210 (5th Cir. 1994). Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987). It is also generally unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

C. **FED. R. CIV. P. 12(b)(6)**. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must state a claim upon which relief can be granted or the complaint may be dismissed with prejudice as a matter of law. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss for failure to state a claim, well-pleaded facts must be accepted as true and viewed in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) and *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

In *Katrina Canal Breaches*, the Fifth Circuit acknowledged the Supreme Court's abrogation of the "no set of facts" standard for determining the adequacy of a pleading:

> We have often stated that a claim should not be dismissed under Rule 12(b)(6) unless the plaintiff would not be entitled to relief under any set of facts or any possible theory he may prove consistent with the allegations in the complaint. *See, e.g., Martin K. Eby Constr.*, 369 F.3d at 467 (quoting *Jones*, 188 F.3d at 324). This standard derived from *Conley v. Gibson*, which stated that "a complaint should not be dismissed for failure to state a claim unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). But recently in *Bell Atlantic*, the Supreme Court made clear that the *Conley* rule is not "the minimum standard of adequate pleading to govern a complaint's survival." 127 S.Ct. at 1968-69.

495 F.3d at 205 n.10. To withstand a Rule 12(b)(6) motion, then, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 205 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570-72, 127 S. Ct. 1955, 1974 (2007)). This means that a complaint, taken as a whole, "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory[.]" *Twombly*, 550 U.S. 544, 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* Although the Supreme Court in *Twombly* stressed that it did not impose a probability standard at the pleading stage, an allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly

suggesting (not merely consistent with)" an entitlement to relief.  *Twombly*, 550 U.S. 544, at 557.  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953 (2009) (rejecting the argument that the *Twombly* plausibility pleading standard applied only in antitrust cases and expressly holding the standard applies "all civil actions.").  A court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions[.]"  *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

**D.  Federal Rule of Civil Procedure 56.**  The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 56(a).  In pertinent part, Rule 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Id.*, *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986) (same).  Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment.  Rule 56 requires that there be no genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases."  *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), *cert. denied*, 531 U.S. 831, 121 S.Ct. 84 (2000).  District courts considering motions for summary judgment in ordinary civil cases are required to

construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255. Additionally, courts must construe the pleadings of pro se litigants liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## IV. Discussion

Pursuant to Article III of the United States Constitution, federal judicial power is limited to cases and controversies. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). The case-or-controversy requirement requires a party to "continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477). Thus, if a prisoner's claim under Title 28 attacks his sentence, rather than his conviction, his claim will be rendered moot by his release from custody. *Id.* at 7-8; *see also Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); *Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (petitioner's release from custody rendered petitioner's attack on sentence moot); *Garza v. Bennett*, Civil Action No. B:17–158, 2017 WL 7248899, at *5 (S.D. Tex., Oct. 27,

2017) (citing *Lane v. Williams*, 455 U.S. 624, 631, and finding that a petitioner's challenge to his detention was rendered moot by his release), *adopted,* 2018 WL 671271 (S.D. Tex., 2018).

Here, as mentioned above, Guevara was released from the custody of the Bureau of Prisons on September 8, 2017. *See* https://www.bop.gov/inmateloc/ (last visited on March 12, 2018). Thus, because his Second Application for Leave, Second 2255 Motion, and Second Memorandum in Support only attack his sentence (*see* Dkt. No. 11, Dkt. No. 14, Dkt. No. 14-2), these submissions are all subject to dismissal as moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (petitioner's release from custody renders attack on sentence moot); *Lane v. Williams*, 455 U.S. 624, 631 (same); *Bailey v. Southerland*, 821 F.2d 277, 278-79 (same); *Garza v. Bennett*, 2017 WL 7248899, at *5 (same).[4]

Relatedly, Guevara's claims of trial court error do not attack his conviction. *See* Dkt. No. 1 at 3, 10-15. Instead, he asserts that the trial court erred in sentencing him and seeks a reduction in his sentence. *Id*. Specifically, he claims that, when sentencing him, the court: (1) considered criminal charges against him

---

[4] The Court notes here that Guevara's reliance on *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015) is also misplaced. Guevara argues that the court enhanced his sentence pursuant to United States Sentencing Guideline § 2L1.2(b)(1)(A)(ii), and that the crime-of-violence definition applicable under § 2L1.2(b)(1)(A)(ii) is unconstitutionally vague pursuant to the logic of *Johnson*. Dkt. No. 11, Dkt. No. 14, Dkt. No. 14-2. Guevara's argument is foreclosed by the Supreme Court's holding in *Beckles v. United States*. *See Beckles v. United States*, 137 S. Ct. 889, 892 (2017) (finding that "the "the Guidelines are not subject to a vagueness challenge under the Due Process Clause.*"); see also United States v. Martinez*, 682 Fed.Appx. 304, 304 (5th Cir. 2017) (Beckles "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause.").

that did not ultimately result in convictions; (2) maintained a "tainted perception" of him as a result of those charges; and, (3) sentenced him to a longer term of imprisonment as a result. *Id.* Guevara's release from custody renders these claims moot. *See Spencer*, 523 U.S. 1, 7 (petitioner's release from custody renders attack on sentence moot); *Lane*, 455 U.S. 624, 631 (same); *Bailey*, 821 F.2d 277, 278-79 (same); *Garza*, 2017 WL 7248899, at *5 (same).

As the Government also correctly points out (*see* Dkt. No. 9 at 8-9, note 2), Guevara raised these same claims of trial court error during his direct appeal and the Court of Appeals found them to be frivolous. *United States v. Guevara*, 583 Fed. Appx. 412, 413 ("Guevara's argument that his sentence is procedurally unreasonable is frivolous because the record makes clear that, contrary to Guevara's assertion, the district court did not consider any dismissed or no-billed charges in determining the sentence."). Claims "raised and rejected" on direct appeal are "barred from collateral review." *United States v. Rocha*, 109 F.3d 225, 299 (5th Cir. 1997); *see also United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions.") (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)); *Nichols v. United States*, Civil Action No. 4:13cv56, 2017 WL 4769031, at *3 (E.D.Tex., May 2, 2017) (same). Consequently, these claims are also subject to dismissal because the Court of Appeals has already disposed of them. *See id.*

Guevara's remaining claims allege that he received ineffective assistance of counsel prior to pleading guilty and on appeal. Dkt. No. 1 at 2. Although Guevara's § 2255 Motion purports to raise three separate ineffective assistance of counsel claims, the third claim he lists merely repeats the allegations he makes in his first two claims. *Id.* (enumerating claims a, b, and c, where claim c merely repeats the allegations made in claims a and b). With respect to his first claim, Guevara assets that his trial counsel, Reynaldo G. Garza, III, provided him with ineffective assistance by failing to advise him of the immigration consequences he could face if he entered a guilty plea and was convicted. Specifically, he claims that Garza did not inform him that he could lose the right to become a naturalized U.S. citizen, and could also be deported. *Id.* at 2-10.[5] With respect to his second claim, Guevara asserts that his appellate counsel, Larry L. Warner, provided him with ineffective assistance by filing a frivolous appellate brief on direct appeal. *Id.* at 2. He argues that Warner's faulty arguments "directly [a]ffected" the Court of Appeals' decision-making process, and included an improvident argument blaming the sentencing judge for failing to advise Guevara of the immigration consequences of pleading guilty. *Id.*

At Guevara's rearraignment hearing, the Court reviewed the consequences of pleading guilty to the indictment with Guevara. CR Dkt. No. 52 at 21. Guevara

---

[5] To the extent that Guevara claims that his trial counsel did not inform him of other non-immigration related consequences of pleading guilty, he fails to identify those consequences or show that he was prejudiced by them. Thus, to the extent that Guevara intends to assert a third ineffective assistance of counsel claim, his claim is vague, conclusory, and subject to dismissal.

affirmed under oath that he had discussed the potential immigration consequences of pleading guilty with his counsel. *Id*. at 22. He additionally affirmed his understanding that: (1) he would likely be deported, excluded, or removed from the United States; and, (2) he would likely be prevented from legally returning to the United States. *Id*.

> **The Court**: Gentlemen, each one of you need to understand there are other consequences that can result from your guilty plea and conviction. Because each of you are citizens of some country other than the United States, I can almost guarantee you that after you serve your term of imprisonment you will be deported, excluded or removed from the United States. Furthermore, after that deportation, exclusion or removal, I can, almost guarantee you that you will not be permitted to legally come back into the United States. Now, do each of you understand those consequences of your guilty plea and conviction?
>
> **Defendant Guevara**: Yes, sir.
>
> \*\*\*\*\*
>
> **The Court**: . . . When you met with your lawyers, did your lawyers explain those consequences of your guilty plea and conviction to you?
>
> **Defendant Guevara**: Yes, sir.
>
> \*\*\*\*\*
>
> **The Court**: . . . It is then the finding of this Court that each of you are fully competent and capable of entering an informed plea and that each one of you understands and is aware of the nature of the charge against you and the consequences of your plea, that each of your pleas of guilty is a knowing and voluntary plea supported by an independent basis of fact containing all of the essential elements of the offense.

*Id*. at 21-22 (formatting altered).

Declarations made under oath in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).   Guevara attempts to rebut the strong presumption of verity afforded to his sworn testimony by stating that he would have chosen to go to trial, had he known the immigration consequences of pleading guilty, because his entire family lives in the United States.  Dkt. No. 1 at 6-10.  In support of this allegation, he references his Presentence Investigation Report ("PSR"), which reveals that his parents and six siblings live in the United States. *Id*. at 6 (citing CR Dkt. No. 18 at 8-9).  Nevertheless, Guevara's PSR also reveals that he has a minor son in El Salvador, and an intact common-law relationship with his son's mother, who also lives in El Salvador.   CR Dkt. No. 18 at 9. Further, despite being explicitly advised of his right to do so, Guevara has not rebutted the presumption of verity afforded to his sworn testimony before the Court with any evidence.  Dkt. No. 15 at 2.

Moreover, Guevara has not shown that he was prejudiced by Garza's alleged ineffectiveness.   Even after the Court informed him that his deportation and future exclusion were almost guaranteed, Guevara maintained his choice to plead guilty.   He has not explained that decision, or otherwise demonstrated that he would have chosen to go to trial, but for Garza's alleged ineffectiveness.   Guevara's ineffective assistance of trial counsel claim lacks merit and should be dismissed. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."); *Lee v. United States*, — U.S. —, 137 S.Ct. 1958, 1966, 198 L.Ed.2d 476 (2017) (same); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (same); *Young v. Spinner*, 873 F.3d 282, 285-86 (5th Cir. 2017) (same).

In his final claim for relief, Guevara asserts that his appellate counsel, Larry L. Warner, provided him with ineffective assistance by filing a frivolous appellate brief. Dkt. No. 1 at 2. He argues that Warner's faulty arguments affected the Court of Appeals' decision-making process, and included an improvident argument blaming the sentencing judge for failing to advise Guevara of the immigration consequences of pleading guilty. *Id*. The Government contends that Guevara's ineffective assistance of appellate counsel claim is subject to dismissal because it is conclusory. Dkt. No. 9 at 21. The Government notes that Guevara has failed to provide specific facts in support of his claim, and suggests that Guevara's claim must fail because he has failed to identify a non-frivolous basis for appeal. *Id*.

To prevail on an ineffective assistance of appellate counsel claim, a prisoner must satisfy the two-prong *Strickland* test of ineffectiveness on the part of counsel, and prejudice as a result. *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). To be effective, appellate counsel "need not raise every nonfrivolous ground of appeal, but should instead present solid, meritorious arguments based on directly controlling precedent." *Ries v. Quarterman*, 522 F.3d 517, 531–32 (5th Cir. 2008) (internal quotation marks omitted) (quoting *Schaetzle v. Cockrell*, 343 F.3d 440,

445 (5th Cir. 2003). To show prejudice, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. 668, 694; *see also Williams v. Taylor*, 529 U.S. 362, 390-91 (same).

Guevara has failed to identify a non-frivolous argument Warner could have raised on appeal, much less an argument that might have caused Guevara to obtain a different result. Thus, he has failed to satisfy both prongs of the *Strickland* test. His ineffective assistance of appellate counsel claims should be dismissed. *See Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994) (finding that appellate counsel did not prejudice defendant by failing to raise meritless grounds for relief on appeal).

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Guevara has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

For the foregoing reasons, it is recommended that the Court: (1) construe Guevara's submissions entered as docket numbers 10 through 14-2 as amendments to his § 2255 motion; (2) **DISMISS** Guevara's Motion, as amended; and (3) **DECLINE** to issue a certificate of appealability.

## VII. Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected

to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will

result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415 (5th Cir. 1996).

      Signed on this 12th day of March, 2018.


_____
**Ignacio Torteya III**
**United States Magistrate Judge**